UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RANDY D. BORING, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | 2:24-cv-00405-JPH-MG |
| ) | |
| PUTNAMVILLE CORR. FACILITY, ) | |
| ) | |
| ) | |
| *Respondent.* ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Petitioner Randy Boring filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a March 26, 2024 disciplinary proceeding in which he was found guilty of Offense B-251, interfering with count, and sanctioned with a written reprimand, a 30-day loss of commissary privileges, and a suspended 30-day loss of good-time credits. Dkt. 1; dkt. 8-3. The Court directed the Respondent to show cause why the Writ of Habeas Corpus should not issue, dkt. 5, and the Respondent filed a Motion to Dismiss, dkt. 8. Mr. Boring has not responded to the Motion to Dismiss.

Mr. Boring argues in his Petition that his due process rights were violated when he was sanctioned with the loss of 30 days of good-time credit and "a double jeopardy sanction of [separate] educational [case plan credit time ("CPCT")] loss." Dkt. 1 at 2. The Respondent argues that Mr. Boring is not "in custody" for purposes of habeas relief under Section 2254 because he only received a written reprimand, a 30-day loss of commissary privileges, and a

1

suspended 30-day loss of good-time credits, which was never imposed and never will be imposed. Dkt. 9 at 4-5. The Respondent argues further that "[i]t does not appear that [Mr.] Boring was denied any educational credit through CPCT as a result of this disciplinary case based on the credit calculation detail because no entries are contained under CPCT column," and because "the loss or potential loss of educational credit time through the CPCT program does not result in an incarcerated individual being 'in custody' for purposes of habeas corpus actions." Dkt. 9 at 6-7.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). "It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief." *Washington v. Smith*, 564 F.3d 1350, 1350 (7th Cir. 2009). In the context of prison disciplinary proceedings, this means that to be considered "in custody," the petitioner must have been deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Id.* at 644.

Here, the Report of Disciplinary Hearing in this matter supports the Respondent's contention that Mr. Boring was not denied good-time credits or

credit-earning class.  Dkt. 8-3.  The only sanction potentially resulting in "custody" for purposes of Mr. Boring's Petition is the suspended 30-day loss of good-time credits, but that suspended sanction was never imposed.  *See* dkt. 8-4.

As to Mr. Boring's claim that he lost 365 days of CPCT credit, Mr. Boring's Indiana Department of Correction records do not reflect that he lost any CPCT credit as a result of the disciplinary proceeding that is the subject of his Petition. *See* dkt. 8-5 at 1.  And a sanction that results in the denial of a future opportunity to earn an earlier release does not affect an inmate's "custody" in a manner that permits habeas review.  *See Hadley v. Holmes*, 341 F.3d 661, 664-65 (7th Cir. 2003); *Holleman v. Finnan*, 259 F. App'x 878, 879 (7th Cir. 2008).

The Respondent's unopposed Motion to Dismiss, dkt. [8], is therefore **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  Final Judgment shall enter accordingly.

**SO ORDERED.**

Date: 1/2/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel

Randy D. Boring
#166856
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy. 40
Greencastle, IN 46135